2008-3093 Ramos v. Department of Justice This case is about logic and common sense when interpreting the statute of the Back Pay Act. The issue presented here is whether the Merit Systems Protection Board has authority under the Back Pay Act to award attorney's fees for an interim judicial appeal when the Board's action renders the employee a prevailing party. This is a case of first impression for this Court, and there is no guidance from this Court on this precise issue. The Government concedes that the Back Pay Act gives the Board authority to award fees. The Board is an appropriate authority under the language of the Act, and is explicitly so identified by the Office of Personal Management Regulations and by the Supreme Court. The Government also concedes that the Back Pay Act authorizes fees for interim judicial appeals. That is an appeal that would come to this Court, which would not render the employee or appellant a prevailing party, but then the case is remanded back to the Board. The only dispute in this case between . . . Can I just understand one thing? I don't know whether you're familiar with our decision in former employees, but normally in these prevailing party statutes where there's a court decision separate from the administrative proceeding, the success in the court proceeding can lead to attorney's fees. As I understand this statute, that kind of relief is not available here. In other words, you cannot get attorney's fees just because you prevailed on your appeal. You have to ultimately prevail on the underlying proceeding in order to get attorney's fees from any source, whether from the Court of Appeals or from the Board or whatever, right? Yes, Your Honor. We agree. That is one of the reasons that there's very little guidance from this Court on the issue because the cases where the Board has rendered the employee prevailing, the Board ultimately will issue the fees. And if you were not to prevail here before us, the result is that you're going . . . you have to go and file an application here in the court with respect to that portion of the fees, right? That would be the government's argument that you would have . . . that a prevailing employee would have to file two petitions, one at the Board and one at this court. How could they file . . . how could you file now in this court since our rule says you got to file within 30 days? Well, I don't think that that rule was ever triggered in this case because there was never a decision from the court which triggered Mr. Ramos's entitlement fees under the Black Act. This court never rendered him a prevailing party. This court's interim appeal was only on the issue of jurisdiction. So Mr. Ramos did not become a prevailing party until the Board issued its initial decision. And then what . . . I mean, and then how . . . you're saying that in order for us to review a petition for fees for the original court thing, you . . . we would have to do something as a predicate to that? I'm sorry. What are you saying we're lacking? You're saying we have to rule that he was a prevailing party in the ultimate . . . in the other proceedings? No, Your Honor. We're not saying that. We're saying that the regulations in the statute clearly provide that the appropriate authority that renders the employee a prevailing party is the authority to which the employee has to submit his attorney fee petition. No, but I'm asking you, assuming you do not prevail in your argument to the court today . . . Yes. What do you view as the appropriate procedure? If we don't prevail today, it's over. It's over because you're untimely in terms of filing a petition with the court? You don't think you're free to file a new petition that is equivalent to what you have submitted to the Board? That is correct, Your Honor. I don't think we were ever free to file a petition with the court because even after the Board rendered Mr. Ramos a prevailing party, because there was no court decision which resulted in his being entitled to fees, there was no provision for us to file a petition with the court under the court's Rule 47. So your point is that the only way you can get fees for the appellate proceeding is by going to the Board? The only way under the Back Pay Act, yes. Yes, under the Back Pay Act, right. That is my reading of the regulations and of the statute, and I think they're pretty clear on the point. Now, what happens if this Court should say that, all right, you've lost before the Board, but we think not only was the Board wrong, but we hereby direct the Board or the agency to reinstate the employee with the appropriate back pay and so forth, so that it's a case in which you do get remedy from this Court? Would this Court then be the authority that would have to decide the issue of fees both before the Court and before the Board? I believe the issue of fees, Your Honor, would have to be submitted to the Court, and the Court within its discretion could either remand to the Board, to the extent that it wanted to, or it could consider the issue of fees on its own. I thought our cases had said that under those circumstances you were to go to the Board for the Board fees. That is where we give the final relief. I thought we'd said that even under those circumstances you have to go to the Board for the Board fees. I believe that the case raised is the Phillips case, and I don't think Phillips says that the employee must go to the Board. I think Phillips addresses only the Court's authority and whether or not the employee must go to the Board when the Court has rendered the employee a prevailing party. In Phillips, the Court decided that the employee was, or the Court issued the decision that resulted in the determination that the employee was prevailing, and as a result, the Court determined that it was inappropriate to read the regulations to require the employee to first go to the Board. So that reading, that ruling, is consistent with our argument today that the authority, the appropriate authority that renders the employee prevailing is the authority to which the employee must submit his attorney fee petition. The statute similarly provides that, and the only thing that we and the Government really Well, isn't it possible that we simply misread the statute in Phillips? The statute seems to say that the award of fees is to be by the Board. It doesn't give us any authority. It's not clear how that statute can be construed to say that we have any authority, much less the exclusive authority, to award fees in appellate proceedings. So it seems as though maybe the most natural reading of the statute is that the entire authority rests with the Board. Their problem is we've rejected that. I disagree that the Court has rejected that. I believe that Phillips holds that when the Court has rendered the employee prevailing, the employee has to submit to the Court. No, I understand that, but we've rejected the notion that that, either implicitly or explicitly, we've rejected the notion that that provision in 7701G, whatever it is, gives the exclusive authority to the Board, right? Correct. We don't disagree with that. We don't believe the Board has exclusive authority. We believe the Court also has authority to review it after the Board reviews it or when the Board issues the order. Yes, sir? I'm a little confused by your assignment. This is confusing because we've got three different statutes floating around here. Now, 5596, the Back Pay Act, incorporates the standards of 7701G, right? Yes. But you're actually applying for relief under 5596B, I take it, the Back Pay Act. Yes. So the question would be whether 5596 makes this Court the authority to decide the question of fees in representation before this Court, right? It wouldn't be a question as to what might happen in a straight 7701G case, right? Yes, Your Honor. Do you follow me? It's very confusing because of the incorporation of 7701G. It's not clear to me entirely how much of 7701G gets incorporated, but it seems to me, at least on its face, that you look first to 5596, right? Yes, you do look first to the Back Pay Act. All right. And the Back Pay Act provides that an appropriate authority can award fees. Well, it doesn't really say that. It doesn't say the appropriate authority can award fees. It says if you win before an appropriate authority, you get fees. Yes. Correct. That's the catch, right? Well, I think the catch really is where the government is contending that the Board has authority to award fees, but only for a narrow scope of the case. We contend that the Board's authority is not limited by the Back Pay Act. The Back Pay Act is a remedial statute. It is to be read in concert with 7701, which is the Civil Service Reform Act. And in so reading this, there is nothing that suggests or states that the Board's authority to award fees is limited to only those proceedings before the Board. And you don't think that Phillips suggests that? I think Phillips wholly relies upon Olson. I don't think Phillips does its own analysis. Well, that doesn't answer my question. I mean, yeah, but they have a holding in Phillips, and that's what we're bound by. So the fact that even if they said we agree with Olson and that's our holding, we'd still be bound by it. I disagree, Your Honor. I think that the primary ruling of Phillips is that when the court issues the order, you file the petition to the court. The secondary ruling of Phillips is that the regs, the OPM regs implementing the Back Pay Act, should not be read as Ms. Phillips suggested they should be read, which would require the successful litigant to always petition to the Board first. We don't read the regs that way. We read the regs as saying that when you look at the authority that issued the order that triggers the Back Pay Act attorney's fees provision, the employee has to seek fees at that authority. So I don't think we need to revisit or overrule Phillips. Phillips is consistent with our position. I do contend that Phillips needs some clarification because Phillips states that the Board doesn't have jurisdiction. They use that word jurisdiction, which is inappropriate. And Phillips relies wholly on Olson, and when you look back at Olson, Olson doesn't do an analysis. And as we explained in our brief on page 26, the one sentence in Olson that has caused this huge quagmire of issues is dicta. Olson is a case that is exclusively about the Equal Access to Justice Act. Well, let me be true of Olson, but Judge Prost is correct. It's not about Phillips, which contains this broad statement about the Board not having authority to award fees for work in court. You are correct that Phillips involved a situation in which the appropriate authority was the court because we rendered the final decision. But you're sort of trying to confine broad language in Phillips to the factual situation involved in that case, which may be difficult. That's your problem. I think the problem with Phillips, Your Honor, is that it, too, like Olson, is really just dicta when it comes to the Board's authority. Phillips does not address the Board's authority to issue attorney's fees when the Board has rendered the employee prevailing. There's only one case that has ever addressed that issue, and that's the Lizett case. As far as I can tell, the Lizett case... Isn't that a Board case? Yes, Your Honor, it is. It has never been addressed by this Court. This Court has never looked carefully at the Lizett case to determine whether its sound, its reasoning is sound. And it has never been overturned anywhere. Lizett holds exactly how we would have the Court hold, which is clearly under the statute the Board has authority. And you can't whittle down that authority because it's a remedial statute, and the remedial statute identifies nothing, suggests nothing, that would indicate that the Board's authority is limited just to the proceedings before. Now, let me go back to a point that you were discussing earlier, I think, with Judge Dykin, with respect to maybe your options here are foreclosed. But if Phillips turns out to be the law not only as to cases in which the Court declares the person, the prevailing party, but also the Court does something that results ultimately in the party prevailing, albeit before the Board. If that turns out to be what we rule in this case, are we saying that the consequence of that is that no one can ever get fees for work in the Court in such a case? Or are we saying, setting aside whether you've got a problem in this particular case, but are we saying that you just have to send two petitions in when you prevail before the Board? You were arguing something earlier that suggested that actually there would be a sort of trap for someone who, even if they sought to protect themselves and were diligent about, I'm not suggesting you weren't diligent, but somebody who, knowing the outcome of this case, if it turns out to be against you, would file at the same time with both authorities, that nonetheless we would not have authority to grant fees for work done before us. Do you think that's so? And if so, walk me through exactly why that's so. Your Honor, I do think that's so because the rule that allows for us to petition fees to this Court requires an order from this Court that would trigger a fee petition. And where this Court remands to the Board on a jurisdictional issue, there is no such order from this Court. That's the first issue addressed in your question. Secondly, I would like to add that... This is one of our court rules, right? Yes. 47 or whatever? Yes. Secondly, I would add that the practical implications of the government's position is that there would always be two fee petitions in a scenario like this. Always. It would necessitate it. And I'm not quite sure if the government has thought this through, but it's very unclear how that would work. Imagine one fee petition at the Board, in my case, in Mr. Ramos' case, and the Board renders him a prevailing party and determines that fees are warranted under the interest of justice, and the Board gives us fees, as they have. And imagine that we have to petition the Court separately in a parallel proceeding. And if you read the second half of the reply brief, this is what we address here. And this is what the government would have us do. So now the Court is evaluating the exact same factual scenario, the exact same merits, the exact same outcome, the exact same interest of justice question under the exact same case, yet the Court could come out differently. Well, that does happen under each, doesn't it? But each is a different statute, Your Honor. Well, it is. It's not something that Congress could not possibly have imagined. Precisely. And when you look at the legislative history, Congress clearly intends that there is not to be a bifurcated process with the Back Pay Act. And additionally, you look at Zipes and Hensley, which provide that all the decisions should be consistent. Well, ideally, that's right. But one thing that the Board can't really do, at least arguably as well as we can, is make assessments as to the question of whether the fee request is reasonable. I mean, that's something that the Board is going to be in a very poor position to make a determination of. Presumably, at least, we would be in a better position. So it's one thing to say two petitions are inefficient. It's another to say that a Board before whom none of the work was done in question is nonetheless going to be able to say, well, that's reasonable in light of the work that was done. Well, I think, Your Honor, that the issue in that case is that this Court always has authority to review the decision. So if a party feels that the Board got it wrong, if the government feels that the Board got it wrong, the government can appeal to this Court, and this Court can correct the Board's erroneous decision. Let me just be clear, though, before. I mean, maybe you were just responding to Judge Price and say, your view is that there will not be two petitions because you're not allowed to come into this Court to do it. That's correct. So your response that the problem with two petitions and all of this isn't what you envision happening because your position is you'd never be able to get fees from this Court. Right? Because you're under circumstance. I thought you were arguing before that you couldn't come up to this Court for fees. Yes, Your Honor. You would be precluded. And so you'd never be in a position where you have two petitions going because you're left with only one. Right. Well, apparently the government feels that we would be allowed to petition this Court for attorney's fees. And assuming that that's correct, I disagree with it, but assuming that's correct, you're stuck with the fundamental issue that you've got two decisions addressing the exact same scenario. Okay. Why don't we hear from the government next, and we'll reserve some rebuttal time for you. Mr. Alston. May it please the Court. The Board correctly held that it lacked authority to award attorneys. So how can somebody come back here for attorney's fees in this Court if the appropriate authority, the final decision on the improper personnel action is rendered by the Board? Our rule says you've got to come within 30 days of our judgment. So what's the basis for coming back here to get fees after you prevail before the Board? Well, the Court actually dealt with that case in the context of the EAJA cases and the EJA cases and the Brewer and some of the other cases. And what the Court there held was that when there is an interim jurisdictional appeal at that time and you prevail on it, at that time you're not entitled to come to this Court for fees. But once the determination is made by the Board that there are a prevailing party, at that point under EJA, I'm drawing an analogy here, at that point under EJA, you can come to this Court and ask for fees. But that's an interpretation of the time limits in EJA, whereas the time limits as to the Back Pay Act aren't provided in the statute. That's right. So we turn to our rule, which says 30 days, and they're almost inevitably going to be untimely because the Board decision will have been rendered more than 30 days after the remand. I assume you're referring to Rule 47.782, which deals with the time for filing. And if you look at that rule carefully, it doesn't really say 30 days. It describes, I mean it uses the number, but it describes scenarios where the petition for writ of certiorari is denied. In a way it says the application must be made within 30 days after the entry of judgment. Or they're denying re-hearing, whichever is later. The judgment in this case wasn't later. So in order to protect yourself, you ought to seek re-hearing and go up on cert and all that? No, no, no. And come within 30 days? What I would read that to mean is that when the judgment is rendered by the Board, analogizing, it's not even specific to that, but analogizing to that, you would have 30 days from that time, and particularly when they became the prevailing party, in this case when it was determined by the Board. You're reading the word judgment to mean the administrative agency's order? Well, it's… Because the administrative agencies don't issue judgments. That's right, that's right. And you'd have to, I mean this stuff, 47.782 doesn't specifically deal with the situation. It really doesn't because it's dealing with a decision by the Court. So you have to use some analogy to that in order to determine when they could file before this Court for fees. And they could file in our view with the Court as soon as they become the prevailing party, which is what's held in the Egypt cases. The Egypt cases are very analogous. And once they become the prevailing party before the Board, they could then, as they did in this case, file before the Board for attorney fees for services rendered there, and file before this Court for services rendered here. And this would give you the opportunity to re-argue the prevailing party question? We're not arguing the prevailing party question. But would you? Would you be free to in another case? Assuming that we had argued it and lost before the Board on that issue, that is a difficult question. And I think the answer to that has to be yes. And I don't think it's the best way for things to proceed, but I think the answer has to be yes. And that is that if we appeal the decision of the Board as to prevailing party, then it would be before this Court and it would be pertinent under the appropriate standard of review, both for the MSPB's decision and also for any fee petition for the Court. But in the event, as in the case here, where we don't appeal the prevailing party determination made by the Board  then yes, this Court would be in the position of having to answer the whole question again. But I think it goes back to, and I think what this Court But we could have ruled all that by agreeing with the other side's argument, right? Well, if you want to overrule Phillips, which I don't think this panel is entitled to do, I think what's important here is to look at the actual language that Phillips Court used in its holding and the rationale for that decision. There is broad language in Phillips. But, you know, put aside the broad language in Phillips. And I understand your reliance on it, and it's a problem, okay? But let's assume that Phillips didn't have the broad language. What would be the argument for your position, Phillips aside? Why is that the correct approach? Well, we would rely on the same rationale that the Phillips Court relied on. The Phillips Court cited three reasons for its decision, okay? First, it relied on Rule 47.7 itself. It didn't say that 47.7 made it exclusive authority. But what the Court in Phillips said was that Rule 47.7, by allowing petitions and contemplates, that those petitions for fees will be filed with this Court. That's the first thing the Court said. The second thing this Court said was that it's a court decision. An argument which doesn't work very well when the 30 days have run. But go ahead. What's the second argument? If the Court concludes that, that would be right. But that's what the Phillips Court said. The Phillips Court was dealing with a situation where the Court had rendered a final judgment. So the Court is correct. The second point the Phillips Court made... It was not dealing with a situation in which the final judgment's revealing party was rendered months or years later by the Board. That's correct. That's correct. So what's the second reason? The second point that the Court raised was that the point that Judge Branson made was that this Court is in a much better position to assess the reasonableness of the fees for the services rendered before it, just as the Board is in a better position to render an opinion as to the reasonableness of the fees rendered before it. Of course, in most fee litigation, you have the district court, do you not, awarding fees for work on appeal, right? That doesn't seem to be an insuperable barrier in the district court situation or the Supreme Court's decision in Perkins. This is what this Court found probative in Phillips. No, but I'm correct, am I not, that in most situations the district court in a fee-shifting statute will evaluate the reasonableness of the fees for the appeal, right? I honestly don't know the answer to that, Your Honor. I believe there are some cases where the district court does that, but I think there are also other cases where the Court of Appeals does that, but I'm not certain as to the answer. There certainly have been cases in which both have happened, but to impeach my own point, it strikes me that in terms of efficiency, of trying to decide the very question that I was referring to, which is whether the number of hours or the billing rate was appropriate with respect to the work on appeal, it's very awkward for a Court of Appeals to try to make that kind of very factual sort of determination, but a trial tribunal has a much easier time doing it. A tribunal can convene a hearing and have people explain, put your opposing counsel on notice to explain particular items. We can't do that, so what are you going to do, for example, with page 72 of the joint appendix, which lists all the fees for the work in this court, if indeed we have to be the ones deciding the fee award in this court, how are we going to decide whether a particular $7,000 item actually should be cut back to $5,000 or is valid? We can't do that, can we? I think the court can. In fact, that's what the court does with Egypt. If an Egypt petition is filed before this court, this court determines the reasonableness of fees all the time. And the issue is really, for example, the issue we raise substantively in this case would be the claim of 214 hours, I believe it is, for services performed by the petitioner's counsel in connection with the appeal. This court is in a position to know better than anyone else how much time it should take for a certain appeal. This court is looking at all the different cases and knows the more complex ones from the more simple ones. Thank you for complimenting us with that kind of omniscience, but I can assure you that at least this judge would have a very poor basis for trying to make an assessment as to how much is a reasonable number of hours to expend in a field in which I've never worked as a private counsel. But this court will have reviewed the appeal and will have seen the arguments. It will have known what the issues are. And I certainly think it's in a better position than the board would be in, in that case, to know what are the federal circuit's procedures, how long does it take them. And again, under EJ, it's the same circuit. We're in the Board of Appeals cases here all the time, right? Excuse me? The board would be in a position because their attorneys litigate cases before us. So they know us. I mean, you know, there's somebody at the board, at least, who understands and appreciates what's involved and will tell us what to do. Well, I would certainly assume that they would know the substance of the case and what the issues are. But I don't think anyone's in a position as this court is to know. And as the court said in Phillips, the reasonableness of the time spent and the fees in a particular case, this court could compare it to all the rest of the cases. It knows the issues were involved. It knows the issues on appeal. So I think that that's the basis for why EJ cases are before this court. It's no different than that situation. We cut you off before you get to the third point. The third point that the court in Phillips made was that we're already in that position when because we've already held that, as Judge Spade mentioned, in a number of cases that for EJIT petitions have to be filed before the court. And frequently the claimant's attorneys file EJIT petitions and back pay act petitions before this court. So it would make, according to what the court said, and it makes perfect sense that now you would say you have to file the same petition, the same petition for services rendered in this court with the board and in this court. And that makes no sense at all. That's the real absurdity. In other words, for services rendered in this court, you'd have to have a fee petition filed in this court under EJIT. And then for the same services, you'd have to have, under their version, as they would like it, you'd have to have the same services requested, fee for it, for the board. For the same services. That's really what makes no sense. And you're also in that position, even if you limit, I mean, Mr. Ramos concedes Phillips at least applies in the situation where the board, I'm sorry, where the court is the one that makes the determination of an unmarked and unjustified, or unjustified personnel action. Well, in that case, you're already in that situation. If you assume the correctness of Phillips at least to its facts, you're already in the situation where the fee for services before the board is filed there and the petition for services filed before the court is here. I guess the problem is it's sort of the structure of the statute cuts the other way. Since EJIT is explicit about bifurcation and this statute isn't, that would sort of suggest by comparing them that Congress had a different intent here. Well, and again, the Phillips could also address that point. And the Phillips court looked at the Back Pay Act and it said, and I think, I'm not sure which of your honors mentioned it, but it looked at the Back Pay Act and said the Back Pay Act is very clear that it intended for attorney fees to be awarded both for services rendered before the board and before the court, but it's silent. It's absolutely silent as to who is supposed to award those fees and what tribunal has authority to do that. The situation we're faced with here is that Phillips has already spoken to that. As Your Honor indicated, that language is very broad. I don't see how this court, this panel, can overrule Phillips. That's what it's going to amend to. You have to overrule Phillips. I guess that gets to the question of whether Phillips has broad language that can be deemed to be dictum as to its application outside of the core case of cases in which the court enters the order, which renders the party a prevailing party. Well, that is the question, and I would ask the court to consider other circumstances where this can come up. I mean, frequently, and Your Honors are far more aware than I am, in this court's decisions there are statements such as a footnote, we are not reaching the question of, or this case is limited to its facts, or under circumstances where the court is the tribunal which renders the decision rendering an unjustified or unlawful personage. You don't have any of that here. You have exactly the opposite. You have a holding which says we conclude that a request for attorney fees under the Back Pay Act for services rendered in judicial proceedings must, as in the case of an EJU request, be directed to this court. You don't have any of that hedging type of language. But we've got a different set of facts, as the other side pointed out, where there is a final opinion, final decision there with respect to the court, and not. So that's the way you limit it, right? Well, you definitely have different facts. There's no dispute about that. But what do you do when you have language like that? You then look to the rationale that the Phillips Court used in reaching its decision. All the factors that are indicated apply equally in the situation where the court is the appropriate authority that renders it. And that's also a semantic difference that I'd like to correct a little bit. The board and this court are always appropriate authorities under the statute. It's not a question of who renders the decision to be that there was an unwarranted or unjustified personnel action. That is the appropriate authority that decided that. But either one of all these cases, as long as they have jurisdiction, they are both the appropriate authorities. It's just a question of who renders the decision on that point in terms of the language and the statute. And the last point I'd like to mention is under Phillips also, the court made a very interesting comment, I thought, when it said that it could not review the petition decision by the board because it concluded the board did not have authority to do that. And therefore, it could not review that petition. It could only ask for a new petition to be filed before it. Now, in the Phillips case, the petitioner had somewhat hedged his bet and filed a motion for leave to file a petition with this court for fees. And, unfortunately, in Phillips, under the Back Pay Act, they originally filed a petition before this court under EJIA and under CSRA. Then they amended that motion a year later to add the Back Pay Act as a source for fees. And this court said we cannot consider it under the Back Pay Act because it's untimely. Let me throw something out there. You're actually right that the Back Pay Act has no reference to the adjudicative body. And I suppose, I think I know what your answer to this is, but a suit in the Court of Federal Claims? Would it be fastowed out? Could a suit for the attorney's fees be brought in the Court of Federal Claims? Since there's a cause of action for attorney's fees which is created, but there isn't a venue that's designated. Now, would you argue that, well, this falls in that category of cases in which the Supreme Court has said because this is a Title V matter, they all belong before the board? I would, Your Honor. I would. And I think the answer is that the act does not address it, and this court held in Phillips that the fee petition in these circumstances for services rendered in this court should be filed in this court. But I don't think the Court of Federal Claims would do that. I have one other question just for Clark. What's the difference in the standard for the alert fees under EJIT and the Back Pay Act? That question was addressed directly in the Gavit case that this court rendered, I believe, in 1984. And under EJIT, of course, the government has the burden of proof to show that its position was substantially justified. Right. Under the court in Gavit said that the interest of justice standard is a more difficult standard to meet than the substantially justified standard, and it said it for two reasons. One, the burden of proof in the interest of justice standard, there's five different criteria that the Allen case and the Dunn case go by as to what it is, is the burden of proof is on the claimant in that situation, and also the interest of justice standard is a discretionary standard. So it's harder to get fees under the Back Pay Act than under EJIT? That's what the Gavit case said, yes. It's a more difficult standard to meet. Do you think that's still true? I mean, Gavit, a lot of things have happened in the EJIT world since 1994, including the wholesale revision of the statute. Yeah, and I think the important thing to remember, and my time has run out, but I want to answer your question, under the interest of justice standard, it has to be something more than an unjustified and unauthorized, unwarranted personnel action, because otherwise they would just say every time you find an unjustified or unwarranted personnel action, you get fees. So it's got to be that plus. There has to be something else that puts it in the ambit of interest of justice. In this particular case, there's some other circumstances that are addressed in the briefs. Okay. Thank you. Thank you. And Ms. Olden. Thank you. I have a few points. First, to address your question, Judge Bison, about whether or not a court of claims could take this on. This court decided in SACO v. U.S. that it could not because of this. And that was because of Fausto type? Is it Fausto? Am I thinking the right case? The case the Supreme Court said that you can't bring typical employment-related instances outside of the Civil Service Reform Act structure created? I believe they relied upon Fausto. And they also relied upon the fact that the court of claims was not an appropriate authority because it hadn't directed or ordered the direction of the unjustified personnel. But the appropriate authority, that's not who decides the award. That's just the party that decided that you were entitled to be put back in your job or whatever, as I read the Back Pay Act. The Back Pay Act, I thought we had sort of established, was silent as to where you go for your money. The appropriate authority is the party that decides that you're entitled to prevail in the underlying action, right? I agree with what you're saying, Your Honor. But I'm saying in SACO they didn't actually address the appropriate authority analysis and determined that the court of claims was not an appropriate place to file a petition. Okay. Another point is that under the EJIS standards versus the Back Pay Act standards, the standards for recovery are different and the standards for relief are different. But the attorney's fees rates are different under each. So the amount of relief that the employee would be entitled to are different as well. Going back to another point that was made earlier. EJIS capped and Back Pay Act does not. That's correct. EJIS has a lower threshold for recovery and it gives a lower hourly rate. Back Pay Act has a higher threshold for recovery, higher burden of proof,  Now, my opposing counsel was asked, and he said it was a difficult question, whether or not the government would challenge when there's a second petition for fees to this court, whether or not they would challenge the prevailing party issue. And they said that they would. Keep in mind that in this case that's exactly what they've done. They have petitioned to this court saying that even though the board already determined that Mr. Ramos was a prevailing party and entitled to fees in the interest of justice, this court should hold otherwise. But they never appealed the underlying decision from the board. They never appealed the initial decision or the board's decision. So that would be exactly the kind of case law that would cause a conflict that the Back Pay Act's legislative history provides should be avoided. And there's another distinction between the two, between the Back Pay Act and the EJIS. The Back Pay Act's legislative history, although the act itself is silent on it, the legislative history is quite explicit that they do not want Congress enacted it so that there would not be a bifurcated process. My final point is that, as we know, this is a case of first impression, and I think that this case gives the court a unique opportunity to identify a bright line test so that these issues don't come up in the future. There are still cases that go on at the court, at the board, where parties come back on a remand from the court, and then they're hit with the same situation that we're hit with. I think it would be beneficial to everyone involved. It would increase judicial efficiency. It would streamline the whole process if the court did identify a bright line test for these kinds of situations. And I think that test could be consistent with the Back Pay Act, the legislative history, and with Phillips. The bright line test could be that where an appropriate authority, such as the board or the court, renders an employee prevailing, the employee must submit the fees to the authority that issued the decision that triggers the prevailing party's status. Now, if that's the court, the court has authority and discretion to remand down to the board, if that's what they wish to do. If it's the board, and the other party disagrees with the board's decision on the fees, that party has the right to appeal to this court. There's nothing in this proposed bright line rule which would detract from the court's authority. The court does have the authority. I agree with counsel on that. The court always has the authority to review these decisions. The question is where do you put the petition? Let me ask you this, and you may have touched on this earlier, and I may not have understood your point, but it is, I guess, conceivable that somebody could file both a Back Pay Act attorney fee request and an EJO request pertaining to the same action? Yes, Your Honor, it is, and it does happen, and that's what happened in Phillips as well. Oh, of course, that's right. That's right. Phillips did have both of those. And I guess in your view, then, one would come here and the other would stay with the board. With the Back Pay Act? Under the government's argument? Under your argument, the EJO request would come here for work done here, and the Back Pay Act request would go to the board, and then we would have to figure out some way to sort it out. Yes, Your Honor, and I believe the prevailing practice now is that the EJO request is filed here with a motion to stay until other proceedings are placed. Okay, but in that circumstance, isn't there potentially a different issue under EJO, a different issue in this court and before the board, in that the question is whether the government's position on appeal is substantially justified. It's the issue for us whether the board addresses whether the government's position was substantially justified before the board. They're not necessarily the same. For example, if the case came up here on a jurisdictional issue, the government's position might or might not be substantially justified, and it could have reached a different result on its position on the merits, which would be litigated before the board. Precisely, Your Honor. That's a fundamental difference in how the acts look at the underlying merits that are being evaluated. Okay. Thank you very much. Thank you. The case is submitted. Thank both counsel.